FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2014 SEP 30 AM 10: 47
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO. CR409-324

ROSA BASANEZ,

    Defendant.

## ORDER

This action is before the Court on the Request for Hearing and Transfer filed by Defendant (Doc. 22), the Writ of Garnishment issued by this Court (Doc. 16), and the Garnishee's answer (Doc. 17). Under normal circumstances, the Court would rule on a request for hearing within ten days of its filing. See 28 U.S.C. § 3205(c)(5). However, Defendant's request was mischaracterized by the Clerk of Court as a Motion to Transfer, resulting in it escaping the Court's review for far too long. For the following reasons, Defendant's Request for Hearing and Transfer (Doc. 22) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this garnishment proceeding to the United States District Court for the Northern District of Georgia, Atlanta Division.

On March 23, 2010, Defendant was sentenced to a term of five years of probation for the offense of misprision of a felony. (Doc. 12.) In addition, Defendant was ordered to pay

restitution in the total amount of $25,556.93. (Id. at 5.) On July 31, 2013, the Government filed an Application for Writ of Continuing Garnishment (Doc. 15), seeking to garnish Defendant's wages through her employer, Interra International, Inc., (the "Garnishee"). The Clerk of Court issued a Writ of Garnishment to the Garnishee on August 1, 2013. (Doc. 16.) On August 17, 2013, the Garnishee filed an Answer, acknowledging that it employs Defendant and stating that it will garnish her wages as required by the writ. (Doc. 17.) On September 17, 2013, after receiving notice that her wages were to be garnished, Defendant returned the Notice of Garnishment indicating her request for hearing and transfer of proceedings closer to her place of residence. (Doc. 22.) The Government has responded in opposition, arguing that Defendant has failed to present any evidence indicating that her wages should not be garnished. (Doc. 23.)

Rather than argue why she believes she is not liable to the Government or explain why any assets may be exempt from garnishment, Defendant has simply checked the box on the Notice of Garnishment stating "I Request a Hearing," and included a separate note requesting that the hearing be held in Atlanta, Georgia. (Doc. 22 at 1, 4.) Despite the lack of specificity in her objections, however, the Court is required to hold a hearing upon timely request by the judgment debtor, which has been made

2

here. See 28 U.S.C. § 3205(c)(5) (if judgment debtor files written objection and request for hearing within 20 days after garnishee's answer, "[t]he court shall hold a hearing within 10 days after the request is received by the court, or as soon thereafter as is practicable"); 28 U.S.C. § 3202(d) (when judgment debtor requests hearing on Government's exercise of postjudgment enforcement remedy, court "shall hold a hearing on such motion as soon as practicable" to determine whether the order granting such remedy should be quashed). Under the statute, there is no requirement that Defendant present any evidence negating the propriety of garnishment prior to the hearing. Defendant has requested a hearing, and thus is entitled to one by the plain language of § 3205(c)(5).

The Court also finds the Government's arguments opposing transfer to be without merit. A defendant's request for transfer of garnishment proceedings is similarly not dependent on any showing of material evidence. Rather, because Defendant currently resides in Atlanta, Georgia, the Court is obligated[1] to

---

[1] Pursuant to 28 U.S.C. § 3013, district courts have "plenary authority to 'make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure.'" Some courts have relied upon this statute in questioning whether circumstances may exist such that transfer may be denied, despite the seemingly mandatory language of § 3004(b)(2). See, e.g., United States v. Gipson, 714 F. Supp. 2d 571, 576 (E.D. Va. 2010). However, the Court is unable to discern any reason in this instance why the plain language of § 3004(b)(2) should not be followed.

3

grant her request that proceedings take place in the United States District Court for the Northern District of Georgia. See 28 U.S.C. § 3004(b)(2) ("If the debtor so requests . . . the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides.").

Accordingly, Defendant's Request for Hearing and Transfer (Doc. 22) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TRANSFER** this garnishment proceeding to the United States District Court for the Northern District of Georgia, Atlanta Division.[2]

SO ORDERED this 29th day of September 2014.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] It is uncertain to the Court whether Defendant's wages actually were garnished since the Writ of Garnishment was first issued. As this matter is transferred to the Northern District of Georgia, however, the Court takes no position as to whether any money, if such was garnished, is due to be returned to Defendant.

4